UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALLEN M. KERPAN,

      Plaintiff,

v.                              Case No. 3:14cv602/RV/CJK

SAWDEY SOLUTION SERVICES, INC., et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      This case, removed from the Circuit Court for Okaloosa County, Florida, on October 30, 2014, is before the court upon plaintiff's motion to remand (doc. 10), and defendants' memorandum in opposition (doc. 11). Plaintiff argues this case should be remanded to the state court because one defendant, defendant Hart, did not consent to removal and the deadline for establishing unanimity of consent has passed. (Doc. 10). Defendants respond that defendant Hart's consent was not required, because he had not been served with a copy of the Summons and Complaint at the time of removal.

      The removal statute provides that "all Defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "The requirement that there be unanimity of consent in removal cases

with multiple defendants does not require consent of defendants who have not been properly served." *Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. Mar. 17, 2011) (*citing Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008) ("[A] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process.")); *White v. Bombadier Corp.*, 313 F. Supp. 2d 1295, 1299 (N.D. Fla. 2004) ("A removing defendant need not obtain consent . . . of a defendant who has not yet been served with process").

The state court record provided upon removal reveals no return of service on defendant Hart. (Doc. 7). In addition, defendant Hart declares under penalty of perjury that as of the date of his declaration, November 21, 2014, he had not been served with a copy of the Summons and/or Complaint. (Doc. 11, Ex. 1, Hart Decl. ¶ 1). Because defendant Hart was not served with process, the removing defendant(s) did not need his consent to remove plaintiff's action to federal court. *See, e.g., Johnson*, 418 F. App'x at 815 (affirming denial of motion to remand; holding that removing defendant did not need co-defendant's consent to remove action to federal court, because co-defendant was not properly served).

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's motion to remand (doc. 10) be denied.

At Pensacola, Florida, this 2nd day of December, 2014.

*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).