UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALLEN M. KERPAN,

    Plaintiff,

v.                                       Case No. 3:14cv602/RV/CJK

SAWDEY SOLUTION SERVICES, INC., et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    This *pro se* case, removed from state court on the basis of federal question jurisdiction, is before the court upon referral from the clerk. Pursuant to the Initial Scheduling Order entered November 10, 2014 (doc. 5), the parties were directed to confer within thirty (30) days of the order, as required under Rule 26, Federal Rules of Civil Procedure, and file a joint report within fourteen (14) days thereafter. These deadlines passed without the filing of a joint report. Defendants' counsel filed a notice (doc. 19) explaining that plaintiff had not responded to any of counsel's communications regarding the need to confer and prepare a joint report.

    Accordingly, on December 30, 2014, the undersigned entered an order directing plaintiff to confer with defendants' counsel and file the parties' Rule 26 joint report within ten days (i.e., by January 9, 2015). (Doc. 20). Plaintiff was

warned that failure to comply with the order may result in dismissal of this case or other sanctions. Plaintiff did not respond to the order. Instead, on January 12, 2015, defendants' counsel (not plaintiff) filed a notice indicating the parties held their Rule 26 conference on January 9, 2015, and plaintiff "undertook" to draft the joint report. (Doc. 21).

Having failed to receive the joint report, the undersigned issued an order on January 15, 2015, reminding plaintiff that the joint report was overdue, and requiring plaintiff to file the joint report no later than Tuesday, January 20, 2015. (Doc. 25). Plaintiff did not respond to the order.

In a final attempt to gain plaintiff's compliance, the undersigned issued an order on January 28, 2015, requiring plaintiff to show cause within ten days why this case should not be dismissed for his failure to comply with an order of the court. (Doc. 29). Plaintiff was advised that his filing of a notice of appeal from the order denying his motion to remand this case to state court (*see* docs. 18, 22) did not divest this court of jurisdiction to proceed with this case, as that order, standing alone, is not final and immediately appealable as of right. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74, 117 S. Ct. 467, 475, 136 L. Ed. 2d 437 (1996) ("An order denying a motion to remand, 'standing alone,' is '[o]bviously . . . not final and [immediately] appealable' as of right." (alterations in original) (*quoting Chicago v. R.I. & P.R. Co., v. Stude*, 346 U.S. 574, 578, 74 S. Ct. 290, 293, 98 L. Ed. 317 (1954))); 32A AM. JUR. 2D *Federal Courts* § 1498. Plaintiff was warned that failure to comply with the order would result in a recommendation to the District Judge that this case be dismissed for plaintiff's failure to comply with an order of the court. To date, plaintiff has not filed

the joint report, and has not responded to the court's December 30, 2014 order, the January 15, 2015 order, or the January 28, 2015 show cause order.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE under Northern District of Florida Local Rule 41.1(B), for plaintiff's failure to comply with an order of the court.

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 25th day of February, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).